[Civ. No. 25945. Second Dist., Div. Four. Sept. 26, 1962.]

HAROLD INSKEEP, Plaintiff and Respondent, v. JAMES STEELE BUSBY et al., Defendants and Appellants.

A. P. G. Steffes and John Y. Maeno for Defendants and Appellants.

Joslyn & Joslyn and R. B. Joslyn for Plaintiff and Respondent.

JEFFERSON, J.—This is an action to recover damages for personal injuries which were sustained in an automobile accident. The matter was tried before the court without a jury. Liability on the part of both defendants was admitted, and by stipulation the issues were limited to the nature and extent of the injuries, if any, and the amount of damages to be awarded.

On March 4, 1959, at about 7 :30 a. m., a collision occurred at a street intersection in Pasadena between the automobile driven by plaintiff and the automobile operated by defendant Busby and owned by defendant Tanaka. Plaintiff's automo-

bile was struck on the left side at the driver's door. When asked on direct examination what occurred at the time of the collision, plaintiff replied, ''Well, when I woke up, I was laying with my head on the seat to the right, with a dent in the door where my head hit it and pitched me over.'' Plaintiff testified that after the accident he had pain in his head, neck and back. He indicated that the pain in his back was right above the belt line in the center. Plaintiff testified that he had never had any trouble with his back prior to this accident, and this was supported by his wife's testimony that she had never heard her husband complain of any trouble with his back before the accident.

For more than 10 years prior to the accident plaintiff had been suffering from the effects of encephalitis and Parkinson's disease. The effects of this illness were characterized by tremor and muscular spasticity. Plaintiff's treating physician, a general practitioner, and a neurosurgeon who was assisting as a specialist, gave their diagnoses that plaintiff's back trouble was resulting from a herniated disc in the area of the fourth lumbar vertebra. Both doctors testified that the muscular spasm attributable to the herniated disc could be distinguished from the muscular spasticity caused by Parkinson's disease.

On September 24, 1959, the doctors performed a laminectomy on plaintiff, and they discovered a softened disc and an impinged nerve in the area of the fourth lumbar vertebra. One of the doctors testified that a softened disc will herniate and compress nerves. Both of the doctors testified as medical experts that in their opinion the automobile accident of March 4, 1959, caused the ''softened'' or herniated disc. One of the doctors testified that plaintiff would suffer permanent disability as a result of the accident.

At the conclusion of the trial, the court found in favor of the plaintiff, awarding special damages of $3,296 and general damages of $20,000. Defendants filed a motion for new trial which was denied. This is an appeal from the judgment.

Defendants contend that the trial court erred in admitting the opinion evidence of the doctors concerning the existence of a herniated disc and the causal relationship between the herniated disc and the automobile accident. Defendants objected to the admission of the testimony on the ground that no foundation had been laid showing a factual basis upon which an opinion could be based. The trial court properly overruled defendants' objections. ■ Concerning the opinion as to the existence of the herniated disc, it is well established that

an expert witness may give his opinion based on facts derived from his own observation. (*Wells Truckways, Ltd.* v. *Cebrian,* 122 Cal.App.2d 666, 676 [265 P.2d 557].) Both of the expert witnesses in this case performed the surgery on plaintiff's spine and actually observed the herniated disc. ▆ In regard to the causal connection between the injury and the accident, it is proper for a medical expert to give his opinion whether a certain agency might have produced a particular injury. (*Hagy* v. *Allied Chemical & Dye Corp.,* 122 Cal.App. 2d 361 [265 P.2d 86].)

▆ Defendants also contend that the evidence presented at the trial was insufficient to support a finding that the herniated disc existed or was caused by the automobile accident. This contention appears to be founded largely on the assumption that the opinion evidence of the medical experts should not have been admitted. The testimony of the two doctors, which the trial judge obviously believed, provided substantial evidence to support the finding upon which the judgment was based.

▆ ''When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact. [Citation.]'' (*Grainger* v. *Antoyan,* 48 Cal.2d 805, 807 [313 P.2d 848].)

▆ The final contention is raised only in behalf of defendant Tanaka. On appeal it has been alleged that Tom Tanaka was merely an owner of the automobile as defined in section 17150 of the Vehicle Code. The entire judgment of $23,296 was entered against both defendants. Section 17151 of the Vehicle Code limits the amount of liability to $5,000 as against a person whose negligence is imputed on the basis of merely being an owner of the vehicle. Section 17151 does not cover expressly a situation where the relationship of principal-agent or master-servant exists.

Plaintiff's complaint utilized the permissible device of pleading inconsistent legal theories. In one paragraph it was alleged that Busby was acting as the agent of Tanaka, and in another that Busby was driving the vehicle with the consent and knowledge of the owner. Defendant Tanaka's answer denied that any agency existed, but admitted that Busby was driving Tanaka's automobile with the latter's consent and knowledge. In the joint pretrial statement, incorporated by reference and

made a part of the court's pretrial order, the parties stipulated that Tanaka's car was loaned to defendant Busby while the latter's car was being repaired. No contention was made in that statement by plaintiff that Busby was acting as the agent of Tanaka, nor was the question of agency preserved as an issue to be tried. Thus this issue as presented in the pleadings ceased to be an issue in the case at pretrial. It was error for the court to have entered judgment against defendant Tanaka for any amount in excess of $5,000, which is the maximum amount which could be rendered against him as the owner of the vehicle.

At the onset of the trial counsel for defendant Busby asserted in response to a question by plaintiff's counsel regarding the extent of their stipulation as to liability, "Yes, let's put it this way: That if either defendant is liable, both of them are liable." Plaintiff argues that as a result of this colloquy between counsel he was entitled to assume that defendant Tanaka was conceding that there was no intent to limit his liability in any way. Defendant Tanaka's counsel made no comment at the time the stipulation concerning liability was being entered into. It is not necessary for us to consider the effect of this stipulation, however, in the light of the pretrial order which effectively terminated any issue as to agency.

The judgment of the trial court is therefore modified with respect to defendant Tanaka, and as to that defendant the judgment against him and in favor of plaintiff shall be in the sum of $5,000, but in all other respects the judgment is affirmed. Costs on appeal shall be paid by the defendants.

Burke, P. J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.